## DON A. BURKE
### *v.*
## THE CARLINVILLE WATER COMPANY.

*Opinion filed December 21, 1898.*

EJECTMENT—*increasing depth of water in stream by erecting dam not a taking of the land.* The building of a dam, which causes the water in the stream to stand deeper between its banks some two miles from the dam, is not such a taking of the land at that point as entitles the owner of the land and stream to maintain ejectment.

APPEAL from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

F. H. CHAPMAN, for appellant.

BELL & BURTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant brought this suit in ejectment, against the appellee, to recover possession of the bed and banks of Macoupin creek across the north-west quarter of the north-east quarter of section 3, township 9, range 7, in

Macoupin county. Appellee pleaded the general issue, and further pleas that it was not in possession of the premises sought to be recovered; that it claimed no title or interest therein, and that no demand for possession was made by appellant before suit. The jury was waived, and on a trial before the court it was proved that plaintiff was the owner of said tract of land, including Macoupin creek, which flowed across it; that said creek was of a width of from three to six rods and the banks were from five to twelve feet high; that defendant had built a dam across the creek about two miles down stream from plaintiff's land, and that in consequence of the erection of the dam the water was deeper in the channel of the creek across plaintiff's land and was more difficult to cross. Plaintiff submitted to the court propositions of law based upon these facts, and stating that such damming of the water back was a taking of his land, and that he was entitled to a judgment for its possession. The court refused said propositions, found the defendant not guilty and rendered judgment against plaintiff for costs.

The only effect of the dam was that the water stood in the channel of the creek on plaintiff's land, within the banks of the creek, at a greater depth than before the dam was built. Neither the water nor the land was in the possession of the defendant, and it neither had nor claimed any right to the same. If the writ of possession provided by the statute in case of a recovery in ejectment should be issued, it would be impossible for the sheriff to deliver possession by reducing the water in the channel to its former level. The land and water were already in the possession of the plaintiff. It is plain that there could be no remedy by ejectment.

The finding and judgment were clearly right, and the judgment is affirmed.                *Judgment affirmed.*